ORIGINAL

# In the United States Court of Federal Claims

No. 16-1578

Filed: February 14, 2017

**FILED**

FEB 1 4 2017

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| CHAD S. TWO HEARTS, | * | Rule of the United States Court |
| | * | of Federal Claims ("RCFC") |
| Plaintiff, *pro se*, | * | 83.3 (Legal Assistance by |
| | * | Law Students). |
| v. | * | |
| THE UNITED STATES, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER

On December 15, 2016, Plaintiff filed a Motion For Third Party Representation ("Pl. Motion"), requesting the court to allow Plaintiff to be represented by Mr. Victor C. Fourstar, Jr., a non-attorney, under Rule of the United States Court of Federal Claims ("RCFC") 83.3.

Plaintiff argues that otherwise he would not enjoy his rights if he proceeds *pro se*. Pl. Mot. at 2. Plaintiff has advised the court that Mr. Fourstar has an interest in pursuing an Associate's Degree in Paralegal Studies at the University of Montana. Pl. Mot. App. 1 (November 18, 2016 letter from the University of Montana, evidencing Mr. Fourstar's interest in admission, but not that he is a student in a good standing).

In any event, Plaintiff's December 15, 2016 Motion does not meet the requirements of Rule 83.3(c) of the United States Court of Federal Claims.[1]  In addition, RCFC 83.3 requires that a

---

[1] RCFC 83.3(c) provides:

In order to be eligible to make an appearance pursuant to this rule, the law student must:

(1) be a law student in good standing, enrolled in a law school approved by the American Bar Association;

(2) have completed legal studies amounting to at least two semesters, or the equivalent if the school is on some basis other than a semester basis;

(3) have knowledge of the Rules of the United States Court of Federal Claims, the Federal Rules of Evidence, and the American Bar Association Model Rules of Professional Conduct;

"supervising attorney" approves the law student representation in writing, and that this be submitted to the Clerk of the Court.[2]

Plaintiff's Motion cites *Gideon v. Wainwright*, 372 U.S. 335 (1963) and *Johnson v. Avery*, 393 U.S. 483 (1969) as dispositive authority, but those decisions are irrelevant. *Gideon* concerns the right to counsel in a criminal case under the Sixth Amendment to the United States Constitution, and does not apply to Plaintiff's civil case. *See Gideon*, 372 U.S. at 344 (holding that "any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him" and "the Fourteenth Amendment requires appointment of counsel in a state court, just as the Sixth Amendment requires in a federal court"). *Johnson* concerned whether state penitentiary regulations barring inmates advising, assisting or otherwise aiding another to prepare writs of *habeas corpus* violated the United States Constitution. *See Johnson*, 393 U.S. at 484 (holding that "unless . . . the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation . . . barring inmates from furnishing such assistance to other prisoners."). *Id.* at 490.

Mr. Fourstar was allegedly released on December 9, 2016 from the Marianna Federal Correctional Institution and cannot be deemed as an inmate helping another inmate. Pl. Mot. at 4. Second, *Johnson* concerned the remedy of *habeas corpus*, which is a right of a person in custody to determine that the custody violates the Constitution, laws, or treaties of the United States. *See*

---

(4) be enrolled for credit in a clinical program at an accredited law school that maintains malpractice insurance for its activities and conducts its activities under the direction of a faculty member of such law school;

(5) be certified by the dean of the law school as being of good character and sufficient legal ability, and as being adequately trained, in accordance with paragraphs (1)–(4) above, to fulfill the responsibilities of a legal intern to both the client and the court. Such certification must be filed with the clerk and may be withdrawn at any time by the dean upon written notice to the clerk;

(6) be certified by the chief judge to practice pursuant to this rule. This certification may be withdrawn at any time by the chief judge or, in a given case, by the judge or special master before whom the law student has entered an appearance, without notice of hearing and without any showing of cause; and

(7) neither ask for nor receive any fee or compensation of any kind from the client on whose behalf service is rendered. However, this rule shall not prevent a lawyer, legal aid bureau, law school, or the government from paying compensation to the eligible law student, nor shall it prevent any of them from making such charges for its services as may otherwise be proper, nor shall it prevent any clinical program from receiving otherwise proper fees and expenses under RCFC 54(d)(2).

RCFC 83.3(c).

[2] RCFC 83.3 provides, in relevant part, "a 'supervising attorney,' as defined in this rule, has also indicated approval of that appearance in writing [and] supervising attorney referred to in this rule shall be deemed the attorney of record."

to determine that the custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c)(4) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]").  Plaintiff has not filed a *habeas corpus* petition.

As for *In Re Morales*, 2016 VT 85 (Vt. Aug. 5, 2016), that case is a decision of the Supreme Court of Vermont and is not binding on the United States Court of Federal Claims.

For these reasons, Plaintiff's December 15, 2016 Motion for Third Party Representation is denied.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Judge**